```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

BIOSENSORY, INC.,

    Plaintiff,

V.                                 CASE NO. 3:06-CV-2010 (RNC)

ROBERT BEDOUKIAN, et al.,

    Defendants.

## RULING AND ORDER

Plaintiff BioSensory, Inc., a Delaware corporation with its principal place of business in Connecticut, brought this action in Connecticut Superior Court against defendant Robert H. Bedoukian, a Connecticut resident, and Bedoukian Research, Inc. ("BRI"), a Connecticut corporation, seeking injunctive relief and damages for conduct allegedly in violation of plaintiff's rights under state law.  The complaint asserts claims for breach of fiduciary duty; breach of contract; misappropriation of trade secrets; tortious interference with business relationships and business expectancies; violation of the Connecticut Unfair Trade Practices Act; conversion; and unjust enrichment.  Defendants removed the action on the ground that it arises under the patent laws and is therefore within the exclusive jurisdiction of the federal district courts pursuant to 28 U.S.C. § 1338(a).  Plaintiff has objected to the removal on substantive and procedural grounds and moved for a remand.  For the reasons that follow, the motion is granted.

I. Background

In 1997, the parties agreed to work together on the development of certain chemical insect attractants and repellants. Plaintiff agreed to purchase certain chemicals from Bedoukian at prevailing market rates on the understanding that the chemicals would not be sold to competitors. Each party agreed to protect the confidentiality of the other's sensitive information and to refrain from competing with the other. They further agreed that BRI's employees would be listed as co-inventors on patents arising from the parties' joint efforts. The parties' collaborative efforts produced a number of patented chemicals.

In 2002, the parties identified new forms of some of the previously patented chemicals that had even better repellant and attractant characteristics. They subsequently discussed patenting these forms as co-inventors. Not long after these discussions, Bedoukian filed three patent applications directed to these new forms of the chemicals, listing himself as the sole inventor, and describing test results virtually identical to ones the parties had obtained through collaborative testing. He also began selling these new forms to plaintiff's competitors, taking the position that they were not subject to the terms of the parties' agreement. Plaintiff also discovered that it had been overcharged for chemicals purchased pursuant to the agreement.

On October 27, 2006, defendants were served with process on the instant complaint, filed in Connecticut Superior Court. More than thirty days later, on December 15, 2006, defendants removed the action to this Court.

II. Discussion

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of receiving the initial pleading. This time limit, although not jurisdictional, is "mandatory" and, in the absence of waiver or estoppel, "rigorously enforce[d]." Somlyo v. J. Lu-Rob Enters., 932 F.2d 1043, 1046 (2d Cir. 1991). Defendants argue that their untimely removal is excusable because plaintiff's claims implicate federal patent law. Under 28 U.S.C. § 1338(a), jurisdiction over claims which "arise under the federal patent laws" is vested exclusively in federal courts. Defendants contend that in view of this statute a remand would be futile.

The Second Circuit has not expressly adopted the futility exception to the statutory time limit of § 1446(b). Cf. Barbara v. N.Y. Stock Exch., 99 F.3d 49, 56 n.4 (2d Cir. 1996)(questioning the availability of a "futility exception" in light of the literal words of 28 U.S.C. § 1447(c)). Whether it would do so in a proper case need not be decided in this case because plaintiff's claims do not arise under the federal patent laws for purposes of § 1338(a).

Section 1338(a) applies to claims that are creations of patent law or require resolution of a substantial question of patent law.

3

See Christianson v. Colt, 486 U.S. 800, 809 (1988). "A claim supported by alternative theories in the complaint may not form the basis for section 1338(a) jurisdiction unless patent law is essential to each of those theories." Uroplasty, Inc. v. Adv. Uroscience, Inc., 239 F.3d 1277, 1279 (Fed. Cir. 2001). In addition, "[u]nder the well-pleaded complaint rule, as appropriately adapted to § 1338(a), whether a claim 'arises under' patent law must be determined from what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." Christianson, 486 U.S. at 809 (internal quotations omitted). For this reason, answers and counterclaims cannot serve as the basis for § 1338(a) jurisdiction. See Holmes Group v. Vornado Air Circ. Sys., Inc., 535 U.S. 826, 831-32 (2002).

Since plaintiff's state law claims are not creations of patent law, the Court has jurisdiction only if the claims require resolution of a substantial issue of patent law. Defendants argue that plaintiff's claims require a determination of who invented the chemicals listed in Bedoukian's recent patent applications and that this is a core patent law issue. See, e.g., Univ. of Colo. Found. v. Am. Cyanamid Co., 196 F.3d 1366, 1372 (Fed. Cir. 1999). Plaintiff counters that the inventorship issue need not be decided to enable it to obtain relief on its

4

claims. I agree.

The complaint alleges that defendants sold "patented chemicals" to plaintiff at inflated prices (Compl. ¶ 22), sold or solicited sales of these chemicals to plaintiff's competitors (Id. ¶¶ 51, 56), and disclosed plaintiff's trade secrets and confidential information. These allegations are sufficient to sustain plaintiff's claims of breach of contract, unjust enrichment, tortious interference, breach of fiduciary duty, violations of CUTPA, and conversion, regardless of who invented the chemicals listed in Bedoukian's recent patent applications.[1] Thus, none of plaintiff's claims can be said to require a determination of the rightful inventor of those chemicals. Because defendants have failed to identify any claim in the complaint that necessarily requires resolution of a substantial question of patent law, they have not sustained their burden of establishing subject matter jurisdiction and the action must be remanded.[2]

---

[1] The complaint includes allegations involving a number of chemicals covered by the parties' agreement, only three of which – the enantiomorphs – are the subject of the contested patent applications. (Compl. ¶ 3.)

[2] The fact that inventorship is an ancillary concern in the complaint does not transform this action into one that arises under patent law. See Bd. of Regents, Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp., 414 F.3d 1358, 1363 (Fed. Cir. 2005) ("[A] determination of the true inventor . . . may give rise to future claims regarding the validity of the [implicated] patent, but the presence of a possible question of inventorship does not convert the state law action into one arising under the patent

5

Plaintiff has requested a discretionary award of attorneys' fees under 28 U.S.C. § 1447(c). See Martin v. Franklin Capital Corp., 546 U.S. 132 (2005). Defendants oppose any award on the ground that their removal of the action had a substantial legal basis. Commentators have aptly observed that the jurisdictional issue presented by the removal hinges on a "very subtle distinction" nestled in "one of the darkest corridors of the law of federal courts and federal jurisdiction." 13B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3582 (2d ed. 1984). In light of this, a fee award is unwarranted.

III. Conclusion

Accordingly, the motion to remand is hereby granted and the request for a fee award is denied.

So ordered this 31st day of July 2007.

                                                _____/s/_____
                                                     Robert N. Chatigny
                                        United States District Judge

---

laws."). That defendants may wish to use the contested patent applications as a defense or plaintiff may wish to use them as evidence is not dispositive of the question of jurisdiction, which looks only to the complaint. See Christianson, 486 U.S. at 809 (a patent law defense cannot support § 1338(a) jurisdiction "even if both parties admit that the defense is the only question truly at issue in the case"); Uroplasty, 239 F.3d at 1280 (a patent may be "evidence in support" of allegations that defendant disclosed trade secrets and confidential information without raising a substantial question of federal patent law).